**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDWARD ROBINSON, JR.,

        Petitioner,

Case No. 04-CR-80423

v.

Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER DENYING PETITION
FOR WRIT OF ERROR CORAM NOBIS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      July 1, 2013

PRESENT: Honorable Gerald E. Rosen
               Chief Judge, United States District Court

By an order and accompanying judgment entered on April 27, 2010, this Court adopted a Magistrate Judge's report and recommendation recommending that the Court deny Petitioner Edward Robinson, Jr.'s motion under 28 U.S.C. § 2255 to vacate his sentence, and dismissed Petitioner's § 2255 proceeding with prejudice. The Sixth Circuit Court of Appeals subsequently denied Petitioner's application for a certificate of appealability from this Court's ruling. Through the present motion, Petitioner now seeks to invoke the common law writ of error *coram nobis* in order to pursue a challenge to his sentence in light of the Sixth Circuit's decision in *United States v. Almany,* 598 F.3d 238 (6th Cir. 2010). As briefly explained below, Petitioner has failed on several scores to

identify a basis for allowing this challenge to go forward.

First, under circumstances indistinguishable from those presented here, the Sixth Circuit and its sister circuits (as well as this Court itself) have held that a criminal defendant cannot invoke the writ of error *coram nobis* or other such common law writs to pursue a claim that would be cognizable in a petition under 28 U.S.C. § 2255, but for the impediments raised by this statute itself. *See Halliburton v. United States,* No. 02-5670, 59 F. App'x 55, 57 (6th Cir. Feb. 4, 2003); *see also United States v. Richter,* 510 F.3d 103, 104 (2d Cir. 2007); *Carrington v. United States,* 503 F.3d 888, 890 (9th Cir. 2007); *United States v. Holt,* 417 F.3d 1172, 1174-75 (11th Cir. 2005); *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir. 2002); *Shelton v. United States,* No. 06-2630, 201 F. App'x 123, 124 (3d Cir. Oct. 12, 2006); *United States v. Kirksey,* No. 00-CR-80654, 2009 WL 1470219, at *1-*2 (E.D. Mich. May 26, 2009). As the Seventh Circuit has explained:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton,* 359 F.3d at 857 (citations omitted). In this case, it is clear that Petitioner's motion lies substantively within the scope of § 2255, as it challenges the legality of Petitioner's sentence as purportedly "imposed in violation of the . . . laws of the United

2

States," 28 U.S.C. § 2255(a), at least as these laws were construed by the Sixth Circuit in its *Almany* decision. It follows that Petitioner must pursue any desired relief through a motion brought under § 2255, and not via some other vehicle such as a petition for a writ of error *coram nobis.*

Because Petitioner has filed a prior petition for relief under § 2255, the Court ordinarily would inquire whether he wishes to have his present motion recharacterized as a second motion brought under this statute. If so, the Court would then be obliged to transfer this matter to the Court of Appeals for the requisite determination whether to authorize this "second or successive" filing. *See* 28 U.S.C. § 2255(h). There is no need to pursue such a course of action here, however, because Petitioner has failed on two grounds to state even an arguable claim for relief under § 2255. First, his reliance on a Sixth Circuit decision does not satisfy the requirement that a second or successive § 2255 must rest on either "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Sixth Circuit's decision in *Almany,* 598 F.3d at 241-42, did not announce a rule of constitutional law, new or otherwise, but instead rested upon the court's construction of a federal statute. Next, and more importantly, the Supreme Court unanimously overruled *Almany* in *Abbott v. United States,* __ U.S. __, 131 S. Ct. 18 (2010), and the Sixth Circuit has recognized this fact and reinstated the sentence that it declared unlawful in its initial ruling in *Almany. See United States v. Almany,* 626 F.3d 901 (6th Cir. 2010). Against this backdrop, it would be futile to inquire

3

whether Petitioner wishes to recharacterize his present motion as brought under § 2255.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's petition for a writ of error *coram nobis* (docket #172) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 1, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4